IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD LYBACKI, | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| v. | : | |
| | : | |
| BARON INFRASTRUCTURE, LTD; BARON INFRASTRUCTURE, LTD d/b/a REDBOX+ DUMPSTERS OF MONTGOMERY COUNTY; JESSICA BISHER; and ADAM BISHER, | : : : : : | Civil Action No._____ **PLAINTIFF DEMANDS A JURY TRIAL** |
| Defendants. | : | |

Plaintiff, Richard Lybacki, as for his Complaint against the above Defendants respectfully state upon information and belief as follows:

## NATURE OF THE ACTION

1. This action arises out of the unlawful discrimination of Plaintiff by Defendants due to Plaintiff's disability and retaliation by Defendants for Plaintiff's engagement in protected activity.

2. Plaintiff, Richard Lybacki, brings this action charging that Defendants violated Plaintiff's rights pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq. ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRA), and the Supreme Court of Pennsylvania's decision in *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1998).

3. Plaintiff seeks damages to redress the injuries she has suffered as a result of Defendants' actions.

## PARTIES

4. Plaintiff, Richard Lybacki (hereinafter also referred to as "Plaintiff") is individual disabled, but otherwise qualified, male who is a resident of the Commonwealth of Pennsylvania.

5. Defendant Baron Infrastructure, LTD (hereinafter referred to as "Defendant Baron") is a limited company formed in the Commonwealth of Pennsylvania.

6. At all relevant times, Defendant Baron's primary place of business is located at 251 W. Philadelphia Ave, Morrisville, PA 19067 and a mailing address of 1605 S Crescent Blvd, Yardley, PA 19067.

7. At all relevant times, Defendant Baron was doing business as Redbox+ of Montgomery County.

8. At all relevant times, Defendant Baron was, and is currently, doing business in the Commonwealth of Pennsylvania and has continuously employed at least fifteen (15) individuals.

9. At all relevant times, Defendant Baron has continuously been an employer engaged in an industry affecting commerce within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq.*

10. At all relevant times, Defendant Jessica Bisher (hereinafter referred to as "Defendant J. Bisher") was the President and Owner of Defendant Baron.

11. At all relevant times, Defendant J. Bisher held a supervisory position over Plaintiff in that she had the authority to make material decisions regarding Plaintiff's employment including hiring, firing, demoting, and promoting Plaintiff.

12. At all relevant times, Defendant Adam Bisher (hereinafter referred to as "Defendant A. Bisher") was an Owner of Defendant Baron.

13. At all relevant times, Defendant A. Bisher held a supervisory position over Plaintiff in that he had the authority to make material decisions regarding Plaintiff's employment including hiring, firing, demoting, and promoting Plaintiff.

14. At all times material, Defendants jointly employed Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On May 18, 2023, Plaintiff timely filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), the Pennsylvania Human Relations Commission ("PHRC"), and the Philadelphia Commission on Human Relations ("PCHR") alleging violations the ADA and the PHRA.

16. On October 3, 2023, Plaintiff was issued a "Determination and Notice of Rights" letter by the EEOC.

17. Plaintiff has complied with all administrative prerequisites to bring this lawsuit.

18. Plaintiff's PHRA claims are still pending before the PHRC because less than one year has elapsed since PHRC assumed jurisdiction over Plaintiff's Charge.

19. Plaintiff will seek leave to amend this complaint to assert his PHRA claims against the named parties referenced.  *See* Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

21. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves questions under federal law under the ADA.

22. This Court has supplemental jurisdiction under 28 U.S.C. §1367.

23. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

24. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Conshohocken, Pennsylvania within the Eastern District of Pennsylvania, and Defendants are subjected to personal jurisdiction here.

## FACTS

25. Plaintiff was hired by Defendants around June 13, 2022.

26. Plaintiff was employed by Defendants as a Roll Off Tuck Driver.

27. Around November 22, 2022, while operating a Defendant Baron vehicle, Plaintiff was involved in a four-car motor vehicle accident.

28. Plaintiff immediately notified his supervisor, Tyler Verrecchia (hereinafter "Mr. Verrecchia"), of the accident.

29. Police were also notified and reported to the scene.

30. Plaintiff's supervisor, Mr. Verrecchia, also reported to the scene.

31. Plaintiff, in shock from the accident, did not seek medical attention and worked for the remainder of the day.

32. A few days later, Plaintiff began to suffer from neck, right shoulder, and mid-back pain.

33. Plaintiff began to self-treat with ibuprofen, icy hot patches, and hot showers.

34. Around Sunday, December 11, 2022, Plaintiff, during his personal time, drove over a pothole in his personal car, causing some damage.

35. Plaintiff was not injured.

36. The damage to Plaintiff's car necessitated repairs.

37. As such, Plaintiff contacted Defendant J. Bisher and informed her that he would not be at work the next day, Monday, December 12, 2022, as he needed to take his car in to be repaired.

38. Defendant J. Bisher informed Plaintiff that there was no issue with his request and approved his day off.

39. Defendant J. Bisher brought up no other issues or concerns at this time.

40. Rather, Defendant J. Bisher communicated in a positive manner with Plaintiff and suggested he speak with his insurance company before paying for the repairs out of pocket.

41. Plaintiff, still suffering from neck, right shoulder, and mid-back pain, and having the day

off, sought medical treatment at St. Luke's Urgent Care.

42. Plaintiff informed St. Luke's Urgent Care that he was suffering from injuries related to the motor vehicle accident that occurred on or around November 22, 2022.

43. St. Luke's provided Plaintiff with a note which indicated he should remain out of work until Thursday, December 15, 2022, due to the injuries he sustained during the motor vehicle accident on or around November 22, 2022.

44. These injuries interfered with Plaintiff's major life activities including walking, sleeping, performing manual tasks, and working.

45. Later that same day, Defendant J. Bisher contacted Plaintiff to inquire if he would be able to report to work the following day, Tuesday, December 13, 2022.

46. Plaintiff informed Defendant J. Bisher, via text message, that on the advice of a medical professional, he was to remain out of work until Thursday, December 15, 2022.

47. Plaintiff also provided Defendant J. Bisher a copy of the note St. Luke's Urgent Care provided him which indicated that he was to remain out of work until Thursday, December 15, 2022.

48. Shortly thereafter, Defendant J. Bisher and Defendant A. Bisher contacted Plaintiff via telephone and informed him that he was being terminated.

49. Plaintiff inquired as to the reason and Defendants informed him that it was due to "recent incidents."

50. Defendants failed to provide any additional information.

51. Plaintiff informed Defendants that he believed his termination was unlawful given that he was terminated mere hours after he indicated he was injured as a result of the work-related motor vehicle accident.

52. At no point did Defendants engage in an interactive process with Plaintiff about reasonable accommodations which could be offered to him given his disability.

53. Plaintiff claims that Defendants discriminated against and terminated him because of his disability and/or because he engaged in the protected activity of seeking medical treatment for a work-related injury and notifying Defendants of the same.

54. Plaintiff claims actual discharge and seeks reinstatement.

55. Plaintiff claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

56. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

57. Plaintiff has further experienced severe emotional and physical distress.

58. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

59. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

60. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

61. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

62. Plaintiff claims alternatively that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, Plaintiff claims that Defendants owed and breached their duty to Plaintiff to prevent the discrimination and retaliation and are liable therefore for negligence.

**FIRST CAUSE OF ACTION**
**DISCRIMINAITON**
**UNDER THE AMERICANS WITH DISABILITIES ACT**

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

64. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

65. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

66. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability – namely that he was terminated because he was disabled.

67. Plaintiff has been damaged as set forth herein.

## SECOND CAUSE OF ACTION
## FAILURE TO ACCOMODATE
## UNDER THE AMERICANS WITH DISABILITIES ACT

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

69. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

70. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

71. Defendants engaged in an unlawful discriminatory practice by failing to accommodate Plaintiff's disability.

72. Plaintiff has been damaged as set forth herein.

## THIRD CAUSE OF ACTION
## RETALIATION
## UNDER THE AMERICANS WITH DISABILITES ACT

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

75. Plaintiff opposed Defendants' unlawful acts and practices and was retaliated against as set forth herein.

76. As a result of Defendants' retaliation, Plaintiff suffered damages.

**FOURTH CAUSE OF ACTION**
**RETALIATION**
**VIOLATION OF PUBLIC POLICY - *SHICK v. SHIREY*, 552 Pa. 590 (1998).**
**PLAINTIFF V. DEFENDANTS**

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. Under the Pennsylvania Supreme Court decision in *Shick v. Shirey*, 552 Pa. 590 (1998), it is a violation of public policy and thus an exception to the at-will employment status for an employer and/or individual to retaliate against an employee for having exercised his or her rights under the Workers' Compensation Act.

79. Plaintiff suffered an injury at work that caused him to miss work. Plaintiff placed Defendants on notice of his work-related injury and need for medical assistance.

80. Defendants retaliated against Plaintiff by terminating Plaintiff and interfering with Plaintiff's attempts to seek relief under the Workers Compensation Act. The temporal proximity of Plaintiff's protected activity (seeking medical relief for a work-related injury) to Plaintiff's termination and interference with Plaintiff's rights under the Workers Compensation Act, is of an unusually suggestive temporal proximity to raise an inference of retaliation and/or evidence exists of a causal relation between the protected activity and retaliation/removal and reduction in schedule.

81. As a direct and proximate result of Defendants retaliation, Plaintiff has damages and harms including loss of earnings, loss of wages, out-of-pocket expenses, mental anguish, embarrassment, humiliation, loss of reputation, and other related harms.

### FIFTH CAUSE OF ACTION
### DISCRIMINATION
### UNDER PENNSYLVANIA HUMAN RELAITONS ACT

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. Plaintiff's PHRA claims are still pending before the PHRC.

84. Plaintiff will seek to amend this complaint at the appropriate time to assert his PHRA claims against Defendants. *See* Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

### SIXTH CAUSE OF ACTION
### RETALIATION
### UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. Plaintiff's PHRA claims are still pending before the PHRC.

87. Plaintiff will seek leave to amend this complaint at the appropriate time to assert his PHRA claims against Defendants. *See* Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the

original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## SEVENTH CAUSE OF ACTION
## AIDING AND ABETTING
## UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. Plaintiff's PHRA claims are still pending before the PHRC.

90. Plaintiff will seek leave to amend this complaint at the appropriate time to assert her PHRA claims against Defendants. *See* Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims, his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory,

payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

                                                Respectfully Submitted,
                                                **DEREK SMITH LAW GROUP, PLLC**
                                                *Attorneys for Plaintiff Alayna Johnson*

                                                By: */s/ Catherine W. Lowry (Smith) Esq.*
                                                    Catherine W. Lowry (Smith), Esq.
                                                    1835 Market Street, Suite 2950
                                                    Philadelphia, Pennsylvania 19103
Dated:  December 22, 2023                        (267) 857-0832